IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL CARROLL, #365628**, | * | |
| *Plaintiff* | * | |
| v. | * | Civil Action No. RWT-12-1271 |
| **M.C.T.C,** *et al.* | * | |
| *Defendants* | * | |
| | *** | |

## MEMORANDUM OPINION

Michael Carroll, ("Carroll") filed this action as a civil rights action on April 24, 2012. The Complaint has, however, been construed as a petition for writ of habeas corpus. Carroll, who is confined at the Maryland Correctional Training Center (MCTC), asserts that he has served almost two years of his sentence and has not received long term drug treatment as set out under Maryland statute in spite of the fact that he has been an abuser of drugs and alcohol since the age of eleven. He claims that he does not need to be placed in school. Rather, he seeks a "pardon" so that he may be placed in a "P.S.C Program" in Baltimore, Maryland. The undersigned observes that Carroll has not paid the civil filing fee nor filed an indigency application. Nonetheless he shall not be required to cure this deficiency.

While substance abuse programs may serve an important rehabilitative function, the law is well settled that an inmate has no constitutional due process right to participate in a rehabilitative program. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, (1976); (due process clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *see also Abraham v. Danberg*, --- F.Supp.2d ---, ---, 2011 WL 4368449, at *6 (D. Del. 2011) (Prisoners have no constitutional right to drug treatment or other rehabilitation.)

The denial of substance abuse programming to an inmate does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Matelsky v. Gunn*, 15 Fed. Appx. 686, 688 (10th Cir. 2001). Carroll has no constitutionally protected right to drug and/or alcohol treatment.  Further, although the state may create a liberty interest not directly protected by the Constitution, Carroll has cited to no Maryland statutes or prison directives that would give rise to a created liberty interest.

The facts and allegations set out by Carroll do not comprise violations under federal law and statute.   A separate Order shall be entered in compliance with the opinion set out above.


Date: June 4, 2012                                             /s/
                                                    ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE